IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHAPPELLE GALES, ADMINISTRATOR AD LITEM OF ESTATE OF ELLEN RANSON, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF ELLE RANSON, <br><br> Plaintiff, <br><br> v. <br><br> ALLENBROOKE NURSING AND REHABILITATION CENTER, LLC, <br><br> Defendant. | Case No. 2:22-cv-02220-JPM-cgc |

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF EDWIN J. POLVERINO**

**AND**

**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Allenbrooke Nursing and Rehabilitation Center, LLC's ("Defendant" or "Allenbrook") Motion for Summary Judgment and its simultaneously submitted Memorandum in Support, filed on January 20, 2023. (ECF Nos. 35, 36.) Also before the Court is Defendant's Motion to Exclude the Testimony of Edwin J. Polverino, Doctor of Osteopathy ("D.O.") and its simultaneously submitted Memorandum in Support, also filed on January 20, 2023. (ECF Nos. 33, 34.) On March 3, 2023, Plaintiff Chappelle Gales, Administrator Ad Litem of the Estate of Ellen Ranson ("Plaintiff"), filed Responses in Opposition to both Defendant's

Motion for Summary Judgment and Defendant's Motion to Exclude Testimony. (ECF Nos. 50, 52.) Defendant filed its Replies on March 17, 2023. (ECF Nos. 53, 54.)

Defendant's arguments in the instant Motion for Summary Judgment depend on its Motion to Exclude Testimony. Defendant argues in its Motion to Exclude Testimony that Dr. Polverino is unqualified to function as an expert witness in the instant case. (See generally ECF No. 36.) Defendant argues in its Motion for Summary Judgment that, if the testimony of Dr. Polverino is excluded, Plaintiff cannot "prove the essential elements of her claim." (ECF No. 36 at PageID 462 n.1.) Defendant's Motions are therefore best considered together.

For the reasons discussed below, both of Defendant's Motions, to Exclude Testimony (ECF No. 33) and for Summary Judgment (ECF No. 35), are hereby **GRANTED**.

I.  BACKGROUND

A. *Defendant's Facts and Plaintiff's Answers*

This nursing home negligence case arises out of the alleged negligent treatment of Plaintiff's mother while a resident of Allenbrooke Nursing Home and Rehabilitation Center from December 22, 2018 until her death on November 8, 2020. (See generally ECF No. 1-1.) Many of the facts regarding the Decedent's care and treatment are undisputed. (See generally ECF No. 52; see also ECF No. 37.) Plaintiff requests that the Court refer to her answer to Defendant's Statement of Undisputed Fact #9 as her response to Defendant's Statement of Undisputed Facts #10, #11, and #12, but Plaintiff's answer to Defendant's Statement of Undisputed Facts contains no response #9. (ECF No. 52 at PageID 741–42; but see ECF No. 55 at PageID 889 (Defendant's Reply to Plaintiff's Response to Defendant's Statement of Undisputed Fact, which sets out Plaintiff's answer to #9 as "Agree.")) Additionally, Plaintiff failed to respond to Defendant's Undisputed

2

Facts #16 through #34. Those facts are therefore taken as undisputed for the purposes of summary judgment. LR 56.1(d).

While Plaintiff generally disputes Defendant's asserted undisputed facts regarding its communications with Plaintiff, the facts regarding Defendant's communications with Plaintiff are immaterial to the outcome of the instant Motion for Summary Judgment. (See, e.g., ECF No. 52 ¶¶ 2–3.) The Court will not evaluate whether there is a genuine dispute of fact as to those contentions because they are irrelevant to the instant Motion. See Boyd v. Baeppler, 215 F.3d 594, 599 (6th Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

B. *Undisputed Facts*

Decedent was admitted as a hospice resident to Allenbrooke on December 22, 2018. (ECF No. 37 ¶ 1; ECF No. 52 ¶ 1.) Decedent was 71 years old at that time. (ECF No. 37 ¶ 2; ECF No. 52 ¶ 1.) She had a "medical history that included dementia, primary hypertension, schizophrenia, [gastroesophageal reflux disease], stroke, coronary artery disease, and hyperparathyroidism," as well as a "[percutaneous endoscopic gastrostomy feeding] tube for nutrition." (ECF No. 37 ¶ 2; ECF No. 52 ¶ 1.) Additionally, she had "multiple areas of skin breakdown on admission" in the form of ulcers on her hips. (ECF No. 37 ¶ 3; ECF No. 52 ¶ 1.) Decedent "had been admitted to hospice in 2018 with a terminal diagnosis of end stage CVA (or stroke)." (ECF No. 37 ¶ 5; ECF No. 52 ¶ 2.) For the entirety of her stay at Allenbrooke, Decedent's care was managed by Crossroads Hospice. (ECF No. 37 ¶ 7; ECF No. 52 ¶ 3.)

Decedent suffered from arterial wounds, ulcers, and blisters on her legs and feet between January and December 2019, which Defendant treated. (ECF No. 37 ¶¶ 9–16; ECF No. 52 ¶¶ 4–6.) Decedent was found to be suffering from "extensive plaque and occlusive disease" consistent with "severe peripheral arterial disease." (ECF No. 37 ¶ 12; ECF No. 52 ¶ 5.) Defendant consulted

with a wound care physician, Dr. Venita Gipson, in assessing and treating Decedent's wounds. (ECF No. 37 ¶ 9; ECF No. 52 ¶ 4.)

In December of 2019, Decedent was diagnosed with additional wounds which became necrotic or gangrenous by January of 2020. (ECF No. 37 ¶¶ 17–19.) Defendant consulted with another outside physician, Dr. Prateek Gupta, who found that Decedent was not a surgical candidate. (Id. ¶¶ 22–23.) One wound grew to include the entirety of Decedent's left foot, became infected, and continued to deteriorate. (Id. ¶¶ 25–28.) Her toe was removed on April 30, 2020, and thereafter her condition continued to decline. (Id. ¶¶ 27–33.) Dr. Gipson repeatedly evaluated Decedent and determined that she was not a candidate for amputation or debridement due to her comorbidities. (Id. ¶¶ 28–29, 31.) Decedent was pronounced dead on November 8, 2020. (Id. ¶ 34.)

C. *Procedural Background*

Plaintiff filed her original Complaint in the Circuit Court of the Thirtieth Judicial District at Memphis, Shelby County, Tennessee on March 4, 2022. (ECF No. 1-1 at PageID 8.) Defendant removed the case to federal court on April 7, 2022, on the grounds of diversity. (ECF No. 1.)

Defendant filed the instant Motion to Exclude the Opinions and Testimony of Edwin J. Polverino, D.O. on January 20, 2023. (ECF No. 33.) That Motion was filed with attachments including an excerpt from Allenbrooke's records (ECF No. 33-1), excerpts from Crossroads Hospice's records (ECF No. 33-2), a Facility Services Agreement (ECF No. 33-3), excerpts from wound physician records (ECF No. 33-4), excerpts from the Vascular Institute's records (ECF No. 33-5), Decedent's Death Certificate (ECF No. 33-6), Plaintiff's Rule 26(a)(2) Disclosure (ECF No. 33-7), and the entirety of the transcript of Dr. Polverino's Deposition. (ECF No. 33-8.) The Motion was filed on the same day as a Memorandum in Support. (ECF No. 34.)

4

Defendant filed the instant Motion for Summary Judgment on January 20, 2023. (ECF No. 35.) That Motion was filed with attachments including an excerpt from Allenbrooke's records (ECF No. 35-1), excerpts from Crossroads Hospice's records (ECF No. 35-2), a Facility Services Agreement (ECF No. 35-3), excerpts from wound physician records (ECF No. 35-4), excerpts from the Vascular Institute's records (ECF No. 35-5), Decedent's Death Certificate (ECF No. 35-6), and the entirety of the transcript of Dr. Polverino's Deposition. (ECF No. 35-7.) The Motion was filed on the same day as a Memorandum in Support. (ECF No. 36.)

Defendant also filed a Statement of Undisputed Facts on January 20, 2023. (ECF No. 37.)

Plaintiff filed a Motion for Extension of Time to File Response on January 31, 2023. (ECF No. 41.) That Motion was granted on February 6, 2023. (ECF No. 44.)

Plaintiff timely filed her Response in Opposition to Defendant's Motion to Exclude the Opinions and Testimony of Edwin J. Polverino, D.O. on March 3, 2023. (ECF No. 51.) That Response was filed with attachments including the entirety of the transcript of the Deposition of Richie Anderson (ECF No. 51-1), a "Face Sheet" (ECF No. 51-2), a Physician's Orders document (ECF No. 51-3), Allenbrooke's Resident Bill of Rights (ECF No. 51-4), the entirety of the transcript of Dr. Polverino's Deposition (ECF No. 51-5), Dr. Poverino's curriculum vitae (ECF No. 51-6), and Dr. Polverino's expert report. (ECF No. 51-7.)

Plaintiff timely filed her Response in Opposition to Defendant's Motion for Summary Judgment and Answers to Undisputed Facts on March 3, 2023. (ECF No. 52.) That Response was filed with the entirety of the transcript of Chappelle Gales's Deposition (ECF No. 52-1) and the opinion in the case <u>Champion v. CLC of Dyersburg, LLC</u>, 359 S.W.3d 161, 162 (Tenn. Ct. App. 2011). (ECF No. 52-2.)

5

Defendant filed its Replies to both of Defendant's Responses on March 17, 2023. (ECF Nos. 53, 54.) Defendant filed a Reply to Plaintiff's Response to Defendant's Statement of Undisputed Facts on that same date. (ECF No. 55.)

## II. LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Liberty Lobby, Inc., 477 U.S. at 255). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251–52). Summary judgment "'shall be entered' against the non-moving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Servs., LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-

7

moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247–254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. & Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. Mitchell, 964 F.2d at 584–85.

### III. ANALYSIS

Defendant asserts, and Plaintiff does not dispute, that this case is governed by Tennessee's HealthCare Liability Act ("THLA"). (ECF No. 34 at PageID 325; ECF No. 51 at PageID 526; see also Tenn. Code Ann. § 29-26-101, *et seq*.) The THLA governs healthcare liability actions. See generally Tenn. Code Ann. § 29-26-101, *et seq*. The THLA sets out three elements which the Plaintiff has the burden of proving:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a). If an expert is unfamiliar with the standard of care, as set forth in Tenn. Code Ann. § 29-26-115(a), the expert's testimony is inadmissible because it "will [not] substantially assist the trier of fact to understand the evidence or to determine a fact in issue." Shipley v. Williams, 350 S.W.3d 527, 552 (Tenn. 2011) (quoting Tenn. R. Evid. 702). As Dr. Polverino fails to satisfy the first prong of this analysis, the Court will exclude his testimony based on Tenn. Code Ann. § 29-26-115(a)(1) alone.

### A. Dr. Polverino does not satisfy Tenn. Code Ann. § 29-26-115(a)(1)

Dr. Polverino does not satisfy the "locality rule" under Tennessee law. "In evaluating an expert, the trial court must . . . consider the requirements of the locality rule" set forth in Tennessee Code Annotated § 29-26-115(a). Jackson v. Thibault, 2022 WL 14162828, at *4 (Tenn. Ct. App. Oct. 25, 2022). The locality rule is the requirement that a "medical expert used to establish the recognized standard of acceptable professional practice in the community in which the defendant practices or in a similar community must demonstrate some familiarity with that medical community in order for the expert's testimony to be admissible under the rules of evidence." West v. United States, 502 F. Supp. 3d 1243, 1251 (M.D. Tenn. 2020) (citing Shipley, 350 S.W.3d at 554).

Plaintiff argues that Dr. Polverino would testify to a national standard of care at trial.[1] (ECF No. 51 at PageID 518.) Dr. Polverino has stated as much in his deposition. (ECF No. 51-5

---

[1] It is unclear to the Court exactly what Dr. Polverino would testify must be held to a national standard of care. Plaintiff characterizes the instant case as an informed consent case in her Response to Defendant's Motion to Exclude. (ECF No. 51 at PageID 523.) However, Plaintiff notes that Dr. Polverino anticipates testifying that Defendant's staff failed to recognize the significance of Decedent's wounds and failed to send her "to another professional or facility for evaluation and treatment as it became more obvious her condition was worsening," which are topics unrelated to informed consent. (Id. at PageID 522.) Plaintiff also makes other allegations, beyond failure to obtain informed consent for Decedent's treatment, in her Complaint. (ECF No. 1-1 ¶¶ 27; 40.) Plaintiff additionally characterizes "the only claim of damages" in the instant case to be the Decedent's pain and suffering in her Response to Defendant's Motion for Summary Judgment, damages that are unrelated to informed consent. (ECF No. 52 at PageID 744.)

at PageID 639.) Dr. Polverino testified that he is unfamiliar with the demographics of Memphis, the local medical community, and the landscape of nursing home care in the area. (Id. at PageID 645–47.) He testified that he does not know any physician or nurse who practices in a nursing home in Memphis. (Id. at PageID 647.) Dr. Polverino also testified in his deposition that he has not researched the standard of care in Memphis. (Id. at PageID 638, 648.) There is no testimony that the communities Dr. Polverino has practiced in were similar to Memphis. (Id. at PageID 639; see also Ledford v. Moskowitz, 742 S.W.2d 645 (Tenn. Ct. App. 1987) (holding that a doctor who did not have knowledge of a community's "specific medical statistics" still met the locality rule because he testified that he worked in rural communities in Georgia that resembled those he would testify about in Tennessee)). In short, Dr. Polverino has "quite candidly admitted to knowing nothing about the practice of medicine in [Memphis], Tennessee and the applicable standard of care for that locality." Roberts v. Bicknell, 73 S.W.3d 106, 113 (Tenn. Ct. App. 2001). Plaintiff puts forward no evidence that Dr. Polverino is, in fact, familiar with the standard of care in Memphis or a similar location.

> Tennessee law does not bar expert testimony as to a national standard of care. However,
>
> [o]nly after a medical expert witness has sufficiently established his or her familiarity with the standard of care in the same or similar community as the defendant, may the witness testify that there is a national standard of medical care to which members of his or her profession and/or specialty must adhere. This testimony, coupled with the expert's explanation of why the national standard applies under the circumstances, is permissible and pertinent to support the expert's opinion on the standard of care. The mere mention of a national standard of care should not disqualify an expert from testifying. However, an expert may not rely solely on a bare assertion of the existence of an applicable national standard of care in order for his or her proffered testimony to be admissible under Rules of Evidence 702 and 703.

Shipley, 350 S.W.3d at 553. Dr. Polverino asserts that Defendant was obligated to adhere to a national standard of care without first establishing his familiarity with Memphis or a similar

community.  (See, e.g., ECF No. 51-5 at PageID 638–39.)  His testimony is therefore barred under Tennessee's "locality rule."

Dr. Polverino testified that he cannot speak to the standard of care in Memphis or a similar community in his deposition.  Defendant's Motion to Exclude the testimony of Edwin J. Polverino, D.O. is therefore **GRANTED**.

### B. *Plaintiff's claims cannot go forward, as Dr. Polverino's testimony is excluded*

With Dr. Polverino's testimony excluded, Plaintiff's claims cannot go forward.  In a medical malpractice case under Tennessee law, the plaintiff bears the burden of establishing "[t]he recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred."  Tenn. Code Ann. § 29-26-115(a)(1).  The recognized standard of acceptable professional practice in the community must be established "by expert medical testimony."  Williams v. Baptist Mem'l Hosp., 193 S.W.3d 545, 553 (Tenn. 2006); see also Robinson v. LeCorps, 83 S.W.3d 718, 724 (Tenn. 2002) ("A plaintiff in a malpractice action . . . must produce expert medical evidence to establish the standard of professional care in the community in which a defendant practices or in a similar community.")

Plaintiff has failed to proffer admissible medical expert testimony regarding the recognized standard of acceptable professional practice in Memphis or a similar community, so the Court must grant summary judgment to Defendant.  See, e.g., id. (affirming summary judgment in favor of a defendant hospital when the plaintiff failed to put forward admissible evidence regarding local standard of care); see also Roberts, 73 S.W.3d at 113 (affirming summary judgment in favor of a defendant physician when Plaintiff's sole proffered expert was not qualified to testify under the "locality rule.")  Defendant's Motion for Summary Judgment is **GRANTED**.

11

## IV. CONCLUSION

For the reasons set out above, both of Defendant's Motions, to Exclude Testimony (ECF No. 33) and for Summary Judgment (ECF No. 35), are **GRANTED**.

**IT IS SO ORDERED**, this 17th day of May, 2023.

                                            /s/ Jon P. McCalla
                                            JON P. McCALLA
                                            UNITED STATES DISTRICT JUDGE